IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOUG GRIFFIN et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WALTER INDUSTRIES, INC. et al., )<br>)<br>Defendants. ) | CIVIL ACTION NUMBER<br><br>00-C-370-S |

## **MEMORANDUM OPINION DENYING MOTION TO DISMISS**

On January 4, 2000, plaintiffs brought this action in the Circuit Court of Jefferson County, Alabama against a number of defendants seeking damages and other relief for injuries they claim to have suffered while employed by defendant Jim Walter Resources, Inc. ("JWR"). The action is filed on plaintiffs' behalf and on behalf of a putative class consisting of persons who are members of the United Mine Workers of America and are employed or have been employed by JWR as underground miners in mines that JWR is operating and has operated in the State of Alabama.

On Federal 11, 2000, JWR and JWR employee defendants removed the action to the Court on the ground that plaintiff's claims are governed by Section 301 of the Labor Management Relation Act, 29 U.S.C. § 185. Pending before the Court is a Motion to Dismiss by Defendants Walter Industries, Inc., Kenneth Hyatt, Richard Almy, and Robert

Michael. For the reasons which follow, the motion is due to be denied.

Count One of plaintiffs' complaint alleges that Walter Industries, Inc. ("Walter Industries") and its officers Kenneth Hyatt, Richard Almy and Robert Michael "owe a duty to supervise JWR and its employee and to require that JWR and its employees furnish the plaintiffs with a safe place to work." It further states that defendants "negligently, or wantonly, failed to cause the mines in which the plaintiffs are employed, or have been employed, to be reasonably safe places to work and, as a proximate consequence, the plaintiffs have been injured and damaged."

Under Alabama law, a parent corporation, such as Walter Industries, can only be held liable if the facts show that it was in "control or custody" of the workers' employment. See *Proctor & Gamble Co. v. Staples*, 551 So.2d 949 (Ala. 1989). Although the collective bargaining agreement between JWR and the United Mine Workers of America provides that the "management of the mine, the direction of the working force and the right to hire and discharge are vested exclusively in" JWR, plaintiffs have alleged that Walter Industries and its officers or employees exercised control over the job site and control over the manner in which the work was to be done. Given the allegations in the complaint, the Court cannot conclude beyond doubt that plaintiffs can prove no set of facts which would entitle them to relief.

Viewing the complaint in a light most favorable to plaintiffs, defendants' Walter Industries, Inc., Kenneth Hyatt, Richard Almy, and Robert Michael's motion to dismiss is denied.

DONE this 11th day of July 2000.

                                                                                      /s/ U.W. Clemon
United States District Judge
U.W. Clemon